UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME LAMAR MILLER,

                 Plaintiff,                 Case Number 22-10476
                                              Honorable David M. Lawson

v.

CATHERINE BAUMAN, KNOX,
STEVENS, and DARUSHA,

                 Defendants.
_____/

**ORDER TO TRANSFER CASE TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff Jerome Lamar Miller, who is currently confined by the Michigan Department of

Corrections at the Central Michigan Correctional Facility in New Haven, Michigan, filed a *pro se*

civil rights complaint under 42 U.S.C. § 1983.  Miller alleges that the defendants violated his right

to be free from cruel and unusual punishment and his right to due process.  According to Miller,

the events giving rise to the complaint occurred while he was confined at the Newberry

Correctional Facility in Newberry, Michigan, which is located in the Western District of Michigan.

Miller names as defendants the warden and three prison employees at the Newberry Correctional

Facility.  Because the defendants are located in Michigan's Western District, proper venue for the

action is in the United States District Court for the Western District of Michigan, and the case will

be transferred there.

Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391.  Section

1391(b) states:

A civil action may be brought in –

1

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Public officials "reside" in the county where they perform their official duties.  *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought.  *See* 28 U.S.C. § 1406(a).  A court may transfer a case on its own motion for improper venue.  *Carver v. Knox Cty., Tennessee*, 887 F.2d 1287, 1291 (6th Cir. 1989).

The named defendants reside in Luce County, Michigan, and the events giving rise to the complaint appear to have occurred in Luce County as well.  Luce County is located in the Western District of Michigan.  *See* 28 U.S.C. § 102(b)(2).  Venue is therefore improper in the United States District Court for the Eastern District of Michigan, but it is proper in the Western District.

Accordingly, it is **ORDERED** that the Clerk of the Court **TRANSFER** this case to the United States District Court for the Western District of Michigan. The Court makes no determination as to the merits of the complaint or any filing requirements.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  April 1, 2022

2